```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------x
ADELE J. VESSIA,

                Plaintiff,

        -against-                          **MEMORANDUM AND ORDER**
                                           Case No. 2:16-CV-2865 (FB)
ANDREW SAUL, Commissioner of
Social Security,

                Defendant.
---------------------------------------------x
```

*Appearances:*
For the Plaintiff:                         *For the Defendant:*
CHARLES E. BINDER                          MARY M. DICKMAN
Law Offices of Harry J. Binder and         Assistant United States Attorney
Charles E. Binder, P.C.                    610 Federal Plaza
60 East 42nd Street, Suite 520             Central Islip, New York 11722
New York, New York 10165

**BLOCK, Senior District Judge:**

Adele J. Vessia seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for benefits under the Social Security Act. Both parties move for judgment on the pleadings. For the following reasons, Vessia's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings.

I

Vessia filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") in November 2012. She alleged disability

as of December 2, 2008, based on mental and physical impairments.

Both claims were denied and Vessia requested a hearing before an administrative law judge ("ALR"). After that hearing, the ALJ issued a written decision on October 20, 2014.

Applying the familiar five-step sequential evaluation process,[1] the ALJ found (1) that Vessia was not engaged in substantial gainful activity; (2) that she suffered from several severe impairments, namely, major depressive disorder, psychotic disorder, anxiety disorder, and obesity; (3) that her impairments did not meet or equal the severity of any listed impairment; but (4) that her impairments prevented her from performing her past work.

Turning to step five, the ALJ found that Vessia had the residual functional capacity ("RFC") to perform other work in the national economy until December 1, 2013, but that a worsening of her mental conditions on that date precluded any

---

[1]The ALJ must determine "(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience." *McIntyre v. Colvin*, 748 F.3d 146, 150 (2d Cir. 2014) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The burden of proof is on the claimant in the first four steps but shifts to the Commissioner at the fifth step. *Id.*

gainful employment thereafter. He therefore found Vessia disabled as of December 1, 2013, but not before.

The Commissioner's Appeals Council declined Vessia's request for review, making the ALJ's decision final. Vessia timely sought judicial review.

## II

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

Vessia argues that the ALJ failed to properly weigh the opinion of her treating psychiatrist, Muhammed Qureshi. The Court agrees.

Dr. Qureshi first saw Vessia in August 2012, when she was involuntarily hospitalized for two weeks after showing signs of psychosis.[2] He noted that Vessia was "very agitated and . . . somewhat confused" and demonstrated "paranoid ideation." AR 377.

---

[2]Vessia was involuntarily committed for three days in 2007 for the same reason.

3

After her discharge, Vessia continued to receive outpatient treatment from Dr. Qureshi and his team at United Community and Family Services ("UCFS"). The records of that treatment—which date from October 2012 to June 2014—evidence continuing psychotic symptoms, along with anxiety and depression. Despite numerous attempts to alleviate those symptoms with counseling and various combinations of antipsychotics and antidepressants, they persisted.

In finding Vessia disabled as of December 1, 2013, the ALJ gave "great weight" to Dr. Qureshi's opinions. At the same time, however, he failed to acknowledge portions of those opinions that point to an earlier onset date.

Dr. Qureshi completed a "multiple impairment questionnaire" dated January 22, 2014. He reported that Vessia was "extremely sad [and] anxious," that "severe anxiety and depression prevent[ed] her from focusing on any kind of work," and that she was "[i]ncapable of even 'low stress'" in a work setting. AR 679-684. The ALJ relied on those opinions as support for "a worsening of [Vessia's] mental symptoms in December 2013." AR 34. Dr. Quereshi, however, specifically cited "2011" as the "earliest date that [his] description of symptoms and limitations applies." AR 685.[3]

---

[3] In an earlier questionnaire dated July 21, 2013, Dr. Qureshi opined that Vessia's anxiety and depression prevented her from working and would continue to do so for "6 months or more." AR 515. The ALJ justifiably gave that opinion no weight because it was conclusory.

4

The ALJ also cited a treatment note from December 24, 2013, in which Dr. Qureshi stated that Vessia "has not responded well to treatment." AR 674; *see also* AR 676 ("She has been trying to get treatment from [psychiatry] but her symptoms are persisting."). The ALJ reasoned that she had responded well until then. *See* AR 30 ("The record shows generally normal status examinations with improvement in symptoms when taking medications since the onset date until December 2013."). To the contrary, the entire record of her treatment at UCFS reflects persistent psychotic, anxious and depressive symptoms and unsuccessful attempts to treat them. Indeed, while Dr. Qureshi's treatment note does not cite a specific date, it states that "[t]he symptoms have been present for many years." AR 674.

An ALJ "cannot simply selectively choose evidence in the record that supports his conclusion." *Gecevic v. Sec'y of Health & Human Servs.*, 882 F. Supp. 278, 286 (E.D.N.Y. 1995) (citing *Fiorello v. Heckler*, 725 F.2d 174, 176 (2d Cir. 1983)). While there is no "absolute bar" to crediting medical opinions only in part, an ALJ "must have a sound reason for weighting portions of the same-source opinions differently." *Younes v. Colvin*, 2015 WL 1524417, at *8 (N.D.N.Y. 2015). The ALJ gave no reason, sound or otherwise, for ignoring Dr. Qureshi's opinions as to the onset date of Vessia's disabling symptoms. The Court therefore remands for reconsideration of that date in light of those opinions.

5

Since the Court is remanding, it will address an issue not raised by the parties. The ALJ noted that "[t]here is a gap in treatment from 2007 until 2011" and that "the absence of treatment for mental health symptoms for the period after the alleged onset date fails to support [Vessia's] allegations of disabling mental symptoms." AR 30. Yet the record contains a letter from Susan Coppeto, a licensed clinical social worker. In that letter, which is dated May 4, 2010, Coppeto states that Vessia had been receiving consistent, ongoing treatment from her since March of 2009. No attempt was made to secure records of that treatment, in violation of the ALJ's duty to develop the record. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2010) ("The ALJ has an obligation to develop the record in light of the non-adversarial nature of the benefits proceedings, regardless of whether the claimant is represented by counsel."). Since such records may shed light on the severity of Vessia's symptoms during that time period, the ALJ shall rectify the error on remand.[4]

---

[4]Remand moots another issue, one which *was* raised by Vessia. In *Lucia v. SEC*, 138 S. Ct. 2044 (2018), the Supreme Court held that the SEC's ALJs are "inferior officers" who had not been appointed by the head of the agency, as required by the Appointments Clause. *See id.* at 2053. Recognizing the likely impact of *Lucia* on the Social Security Administration's ALJs, the Commissioner ratified their appointments and "approved those appointments as her own." SSR 19-1P, 2019 WL 1324866, at *2. The ratification took place on July 16, 2018, well after the ALJ's decision in this case. However, the ALJ hearing Vessia's case on remand will have been properly appointed.

6

## III

For the foregoing reasons, Vessia's motion for judgment on the pleadings is granted and the Commissioner's motion is denied. The case is remanded for further proceedings. Specifically, the ALJ shall request records regarding Vessia's treatment from Susan Coppeto and shall then reconsider whether Vessia was disabled prior to December 1, 2013, based on those records (if any), the opinions of Dr. Qureshi, and any other relevant evidence in the record.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 5, 2019