UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
Adele J. Vessia

              Plaintiff,

  -against-


Carolyn W. Colvin



              Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 2:16-cv-02865-FB

*Appearances:*
For the Plaintiff:
CHARLES E. BINDER
Law Offices of Charles E. Binder
and Harry J. Binder
485 Madison Ave.
Ste. 501
New York, NY 10022

For the Defendant:
MARY M. DICKMAN
United States Attorney's Office
610 Federal Plaza
Central Islip, NY 11722

**BLOCK, Senior District Judge:**

      The Social Security Administration ("SSA") awarded Plaintiff Adele Vessia ("Vessia") $121,709.52 in past due benefits. Vessia's counsel, Charles Binder ("Binder"), also obtained $4,387.72 in attorney's fees under the Equal Access to Justice Act ("EAJA"). Pursuant to a fee agreement, Binder now seeks the full amount of attorney's fees withheld by the SSA, totaling $30,427.38. *See* ECF No.

1

32, Ex. A. For the reasons below, Binder's fee request is granted, but his share of the withheld funds is reduced to $17,985.00 for a *de facto* rate of $550 per hour.

Title 42, United States Code, Section 406(b) entitles prevailing plaintiffs in Social Security actions to "reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-due benefits to which the plaintiff is entitled." The Supreme Court has held that 42 U.S.C. § 406(b)'s "reasonable fee" provision does not prohibit the use of contingency fee agreements, so long as they do not provide for a fee "in excess of 25 percent of the total past due benefits" and are "reasonable." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) (prescribing reasonableness review of contingency fee agreements). Courts in the Second Circuit weigh three factors when assessing the reasonableness of a fee agreement: (1) whether the proposed fee is below the 25% statutory maximum; (2) whether the contingency fee agreement is the product of fraud or attorney overreach; and (3) whether the requested amount is so large as to be a windfall to the attorney. *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

Here, Binder requests 25% of the total past-due benefits Vessia was awarded, and there is no allegation of fraud. Thus, the only remaining question is whether a *de facto* hourly rate of $930.50 for 32.70 hours of work would constitute a "windfall" to Binder. It would. In *Patruno v. Berryhill*, this Court approved a $550 hourly fee for Binder's services, and there is no reason why this rate is

2

inadequate in this case. No. 16-CV-6236 (PKC) 2021 WL 1091900, at *1 (E.D.N.Y. March 22, 2021). Accordingly, Binder's hourly rate is adjusted to $550 per hour for the 32.7 hours of work in this case, resulting in a total fee award of $17,985.00.

## CONCLUSION

Vessia's motion is **GRANTED IN PART**. The Commissioner of the SSA is **ORDERED** to disburse $17,985 to Binder and the remainder to Vessia pursuant to 42 U.S.C. § 406(b). Upon receipt of these funds, Binder is **DIRECTED** to return the $4,387.72 awarded under the EAJA to Vessia.

**SO ORDERED.**

                                                           /S/ Frederic Block
                                                         FREDERIC BLOCK
                                                         Senior United States District Judge

Brooklyn, New York
September 16, 2021